UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN JUSTIN PICKARD, et al.,<br><br>Defendants. | No. 2:11-cr-449-KJM<br><br><br><br>ORDER |

This matter is before the court on the government's motion for reconsideration of this court's March 19, 2014 granting of an evidentiary hearing on the constitutionality of classifying marijuana as a Schedule I controlled substance in the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801-904. Defendants oppose the motion. The court heard argument on April 16, 2014, at which Zenia Gilg and Heather Burke appeared for defendant Pickard, and Samuel Wong and Audrey Hemesath appeared for the government. As noted in the court's minutes for the hearing, counsel for co-defendants Schweder, Rockwell, Juan Madrigal-Olivera, Manuel Madrigal-Olivera, Holmes, Rodriguez, Camacho-Reyes, Betancourt-Meraz and Tapia also appeared, noting their clients joined in defendant Pickard's position. As noted at the hearing, the court denies the motion for reconsideration, as confirmed by this order. Construing the motion as also requesting clarification, clarification is provided below, along with direction regarding further briefing.

1

The government now concedes the court has jurisdiction to entertain the defense motion, but argues reconsideration is proper for three alternative reasons: (1) it is settled law under Ninth Circuit precedent "that the placement of marijuana in Schedule I of the CSA satisfies rational basis review"; (2) "it is never appropriate to conduct a fact-finding evidentiary hearing when the standard of review is rational basis"; and (3) "defendants are not challenging the constitutionality of the statute." (ECF 264 at 3.)  Defendants object to all three reasons.

"Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, numerous circuit courts have held that motions for reconsideration may be filed in criminal cases." *United States v. Mendez*, No. 07-00011, 2008 WL 2561962, at *1 (C.D. Cal. Jun. 25, 2008) (internal quotation marks omitted) (collecting cases).  Motions for reconsideration in criminal cases generally are governed by the same rules that govern such motions in civil proceedings.  *Id.* at *2; *see also* L.R. 430.1(i).

District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted).  A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. " *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  Clear error occurs where "'the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (citation omitted).

Here, the government does not meet the criteria for reconsideration.  Counsel at hearing clarified the government does not argue the court would abuse its discretion by proceeding with a hearing.  Indeed, the decision whether to grant an evidentiary hearing rests in the sound discretion of the court; granting the hearing does not predetermine a decision on the pending motion.  *Cf. United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010), *cert. denied*, __ U.S. __, 131 S. Ct. 2919 (2011).  To the extent the government reargues its initial arguments in new ways or makes new arguments, the court declines to consider them.  *See 389 Orange St.*

2

*Partners*, 179 F.3d at 665 (abuse of discretion review "precludes reversing the district court for declining to address an issue raised for the first time in a motion for reconsideration."). The court DENIES the government's motion for reconsideration.

Responding to the government's motion to the extent it seeks clarification, the court provides the following. An evidentiary hearing on a motion to dismiss an indictment may be held when the moving papers "allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Cano-Gomez*, 460 F. App'x 656, 657 (9th Cir. 2011) (quoting *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000)) (alteration to original omitted). Here, defendants' moving papers set forth facts with sufficient specificity, supported by declarations, showing there is new scientific and medical information raising contested issues of fact regarding whether the continued inclusion of marijuana as a Schedule I controlled substance in Title 21 of the federal statutes passes constitutional muster.

The evidentiary hearing is granted to probe the scientific and medical information. At the hearing, the defendants will be allowed to call the four witnesses they have identified. The scope of the hearing is delimited by defendants' challenge to the federal statutes; the hearing will not include the presentation of evidence applicable only to attacking federal regulations or any administrative decision of the Attorney General or the Administrator of the Drug Enforcement Administration.

To facilitate the court's further preparation for the hearing, and in light of the parties' positions articulated at hearing on April 16th, the parties are ordered to file focused briefs on the following questions:

1. What authority requires or counsels that the court decide before the evidentiary hearing the standard of review it will apply in resolving the merits of defendants' motion?

2. Assuming the court articulates a standard of review before the hearing, what precisely should that standard be? How do defendants' fundamental rights, if any, affect the identification of the appropriate standard? Even if the court

3

articulates a standard prior to hearing, could the evidence elicited at hearing cause the court to reconsider the appropriate standard prior to turning to the merits of defendants' motion?

3. Are defendants Juan Madrigal Olivera, Manuel Madrigal Olivera, Rodriguez, Camacho-Reyes, Betancourt-Meraz and Tapia entitled to a higher standard of review based on suspect classification?  If yes, what are the implications for the standard of review applicable to other defendants?

4. Is the taking of live testimony warranted with respect to the equal sovereignty question raised by defendants' motion?  If so, what precisely is the testimony a party proffers on the question and what is the appropriate scope of any such hearing?

Simultaneous supplemental briefs should be filed by **May 9, 2014**.  These briefs should not repeat arguments made in the parties' briefing to date, and they should not exceed the court's standing page limitations.  The parties should file any oppositions by **May 16, 2014**.  Hearing on these questions will be held on **May 21, 2014 at 9 a.m.**

The parties are directed to meet and confer and file a joint report by **May 30, 2014**, addressing details related to the evidentiary hearing and identifying (1) the time each side will need to present evidence; (2) additional detail relating to the identified defense witnesses, and any witnesses the government proposes to call; (3) the exhibits each side proposes to introduce; (4) any stipulations between and among the parties; and (5) proposed dates for the hearing.  A pre-evidentiary hearing confirmation proceeding will be held on **June 2, 2014 at 9 a.m.**

IT IS SO ORDERED.

DATED:  April 21, 2014.

UNITED STATES DISTRICT JUDGE

4