UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-449-KJM |
| Plaintiff, | |
| v. | ORDER |
| BRIAN JUSTIN PICKARD, et al., | |
| Defendants. | |

On November 2, 2014, the court received an e-mail from one Peter Newman, seeking to file an amicus brief. (ECF No. 354.) In construing that request as a motion for leave to file an amicus brief, the court gave the parties an opportunity to file a response to that motion within 14 days. (ECF No. 355.) The Government filed an opposition on November 14, 2014. (ECF No. 360). As explained below, the court DENIES Mr. Newman's motion.

I.   DISCUSSION

As another district court has explained,

> The privilege of being heard amicus rests solely within the discretion of the court. . . . Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence. . . . There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable by the court.

*United States v. State of La.*, 751 F. Supp. 608, 620 (E.D. La. 1990), *quoted in In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991). Yet, "[a]n amicus brief should normally be

1

allowed when a party is not represented competently or is not represented at all . . . or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.), *quoted in Merritt v. McKenney*, No. 13-01391, 2013 WL 4552672, at *4 (N.D. Cal. Aug. 27, 2013).

Here, Mr. Newman filed a one-page document, seeking to bring to this court's attention "an idea," which he "find[s] missing from the public discussion and . . . the hearings . . .": "It involves honesty, and honest discussion between adults and kids." (ECF No. 354-1.) The essence of Mr. Newman's proposed brief is that the classification of marijuana as a Schedule I drug hinders the ability of adults, such as teachers, to educate children "about the realities of drugs and drug use." (*Id.*)

While the court does not discount Mr. Newman's proposition, the parties here are represented by counsel and the defendants' attorneys are fully capable of bringing the arguments supporting their legal position to the court's attention. The proposed amicus brief does not provide the court with unique information or a unique perspective on the legal issues in this case. The court, exercising its discretion, DENIES the motion.

II.   CONCLUSION

For the foregoing reasons, the court DENIES the motion for leave to file an amicus brief. (ECF No. 354.) The Clerk of the Court is directed to serve a courtesy copy of this order on Mr. Newman.

IT IS SO ORDERED.

DATED: November 19, 2014.

_____
UNITED STATES DISTRICT JUDGE

2