| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | GREGORY BRODERICK<br>Assistant United States Attorneys |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2772 |
| 5 | Attorneys for the United States |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                  Plaintiff,<br>v.<br>BRYAN R. SCHWEDER,<br>                  Defendant. | CASE NO. 2:11-CR-0449-KJM<br>**JOINT STATUS REPORT;**<br>**STIPULATION and PROPOSED ORDER**<br>**REGARDING EVIDENTIARY HEARING**<br>Date: March 7, 2018<br>Time: 9:00 a.m.<br>Judge: Hon. Kimberly J. Mueller |

This matter is on a limited remand from the Ninth Circuit for the "sole purpose of conducting an evidentiary hearing to determine whether, at the times that acts giving rise to his conviction for conspiracy to manufacture marijuana occurred, Appellant had 'strictly complied with all relevant conditions imposed by state law on the use, distribution, possession, and cultivation of medical marijuana.' *United States v. McIntosh*, 833 F.3d 1163, 1179 (9th Cir. 2016)." (*United States v. Schweder*, 9th Cir. Case No. 16-10272, Dkt. Entry No. 60). The parties have met and conferred and agreed on the below with regard to the evidentiary hearing.

After meeting and conferring, the parties agree that Defendant, as the movant, will bear the burden of proof under a preponderance of the evidence standard. The parties also agree that it would be premature to schedule the hearing at this time, as new counsel was appointed at the January 31, 2018, status conference. In addition to acquiring discovery from prior counsel and in reviewing that substantial volume of discovery, Defendant requires additional time to identify, locate, and contact potential witnesses. The United States will also require time to interview and evaluate such witnesses once identified, and to identify, locate, and contact rebuttal witnesses. And each party will have to

evaluate availability of such witnesses in scheduling the hearing. The parties thus agree that the matter should proceed as follows:

1. Defendant shall propose a list of witnesses and exhibits to be used at the evidentiary hearing on or before June 1, 2018;
2. The United States shall propose any additional witnesses or exhibits to be used at the evidentiary hearing by July 13, 2018.

Once witnesses and exhibits are identified, the parties will propose a date for the evidentiary hearing. In addition, the above dates are without prejudice to the parties seeking extensions of those dates, particularly as defense counsel is new to the matter and is, at this time, uncertain of whom it may locate or call.

Finally, the parties have discussed other matters, such as the potential for putting evidence on in a more efficient way, or focused briefing on particular issues (such as the state of California marijuana law at the time of the underlying offenses here). At this time it appears premature to raise those issues before the Court, but they will likely be raised at a later date. Moreover, the Court should place a status conference on the calendar for May 16, 2018, at 9:00 a.m.

In view of the foregoing, the parties are willing to stipulate to the above, and to removing the March 7, 2018, date from the calendar if the Court agrees to the above and has no further questions. Moreover, while the parties do not believe that the Speedy Trial Act applies in this circumstance of a limited remand from an appeal while the appellate court retains jurisdiction, the parties stipulate and agree that there is good cause to exclude any applicable time under 18 U.S.C. § 3161 (h)(7)(B)(ii) [case unusual or complex] and (iv) [reasonable time for defense to prepare] (Local Code T), up through and including May 16, 2018.

Dated: February 28, 2018     Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

By: */s/ Gregory Broderick*
GREGORY BRODERICK
Assistant United States Attorneys

By: */s/ Greg Anton* (authorized February 27, 2018)
GREG ANTON
Attorneys for Defendant Bryan R. Schweder

JSR re Evidentiary Hearing    2

**ORDER**

The Court having received, read, and considered the stipulation between the United States and defendant Bryan Schweder, and good cause appearing therefrom, adopts the above proposed findings in their entirety as its Order.

- Defendant shall propose a list of witnesses and exhibits to be used at the evidentiary hearing on or before June 1, 2018;

- The United States shall propose any additional witnesses or exhibits to be used at the evidentiary hearing by July 13, 2018.

- The March 7, 2018 status conference is vacated and reset for May 16, 2018, at 9:00 a.m. in Courtroom No. 3. The parties shall file a joint status report seven days before such conference.

- Any time under the Speedy Trial Act which might otherwise run, is excluded under Local Code T up through and including May 16, 2018, for the reasons set forth in the Joint Status Report.

**IT IS SO ORDERED**.

Dated: February 28, 2018.

_____
UNITED STATES DISTRICT JUDGE