UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN S. SCHWEDER,<br><br>Defendant. | No. 2:11-cr-00449-KJM<br><br><br><br>ORDER |

In reviewing defendant's motion for compassionate release brought under 18 U.S.C. § 3582(b), the court has identified the need for supplemental briefing as follows:

I.     Defendant's Particular Conditions of Confinement

The court has sufficient briefing on the conditions at USP Lompoc generally, as well as defendant's health condition.  However, in reviewing the record, the only information before the court relevant to risks particular to defendant is his assertion he has been kept in solitary confinement for approximately 90 days.  *See* Schweder Decl. ¶ 9, ECF No. 696-2. Otherwise, the court is unable to discern anything about the specific conditions of defendant's confinement.  The court orders supplemental briefing on the question of what measures are being taken specifically with regard to defendant to protect his health.

/ / / / /

II. <u>Effect of Sentence Reduction Under California's Cannabis Regime</u>

Defendant asserts he successfully petitioned to have his state cannabis felonies reduced to misdemeanors since the time of his sentencing by this court. Mot. at 2–3, ECF No. 696. As a result, he argues the court, if sentencing today, would be bound by a maximum sentence of 5 years, rather than the 13 ½ years defendant is now serving. *Id.* The court has insufficient information to evaluate this claim and orders supplemental briefing on this point as well.

The defendant shall file supplemental briefing of no more than ten pages addressing the foregoing subjects no later than seven (7) days from the date of this order. The government may respond with briefing of up to ten pages no later than fourteen (14) days from the date of this order.

IT IS SO ORDERED.

DATED: June 9, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE