1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    United States of America,                    No. 2:11-cr-0449-KJM

12                        Plaintiff,                ORDER

13          v.

14    Bryan S. Schweder,

15                        Defendant.

16

17          Defendant Brian Schweder renews his motion for compassionate release under 18 U.S.C.

18    § 3582(c), citing increased risks to his health caused by the spread of the novel coronavirus and

19    COVID-19 in the prison where he is currently incarcerated.  *See* Renewed Mot., ECF No. 729.

20    The government opposes the renewed motion, incorporating its previous arguments that the

21    sentencing factors of 18 U.S.C. § 3553(a) weigh against Mr. Schweder's motion and that his

22    release would put the community in danger.  *See generally* ECF No. 732.  Mr. Schweder replied.

23    ECF No. 733.

24          The court concluded in its previous order that Mr. Schweder's hypertension is "one of the

25    most dangerous comorbidities for individuals who contract coronavirus" and that he had "shown

26    his risk of contracting coronavirus is not being mitigated effectively."  Prev. Order at 11,

27    ECF No. 728.  No evidence or arguments in the parties' current briefs show these conclusions

28    /////

1

1   were incorrect; the court thus abides by them and finds again that "extraordinary and compelling

2   reasons" justify Mr. Schweder's motion for release under § 3582(c)(1)(A)(i).  *See id.*

3        In its previous order, the court also considered the sentencing factors of 18 U.S.C.

4   § 3553(a).  *See id.* at 11–15.  After concluding that Mr. Schweder's "argument based on the

5   reduction of his state marijuana cultivation conviction to misdemeanors [did] not meaningfully

6   affect the analysis," the court found that his "history of possession of firearms warrant[ed] careful

7   consideration."  *Id.* at 13–14.  He had kept several automatic weapons at a rural property where

8   he was cultivating marijuana, which "could have created a tinderbox."  *Id.* at 14.  But he has

9   never been convicted of using a firearm in the commission of a crime.  *Id.*

10       In response to these concerns, the court requested the U.S. Probation Office send an

11  officer to the house where Mr. Schweder proposed to live with his "long-time girlfriend,"

12  Deborah Stuart, if he were released.  *See id.* at 14–15.  The officer found the home for sale, and

13  Ms. Stuart had no specific plans for where she would live.  *See id.*  Under these circumstances,

14  and given "the uncertainties accompanying the location of [Mr. Schweder's] proposed residence,"

15  the court denied his motion "without prejudice to refiling once details of the location where he

16  proposes to reside can be clarified."  *Id.* at 15.

17       Mr. Schweder has now renewed his motion with the support of a supplemental declaration

18  from Ms. Stuart.  *See* Mot., ECF No. 729, Stuart Decl., ECF No. 729-2.  She avers she has now

19  sold her home and moved to a new permanent address about forty miles away.  *See* Stuart Decl.

20  ¶ 10.  At the court's request, the U.S. Probation Office sent an officer to evaluate whether Ms.

21  Stuart's new home could serve as a suitable location for Mr. Schweder to live if released.  The

22  officer found that it could.

23       The court has therefore considered again Mr. Schweder's health risks; the nature of his

24  offense conduct and convictions; the length of his sentence and the time he has served, which is

25  now more than two thirds of his term of incarceration, *see* Prev. Order at 2; the potential dangers

26  his release might cause to the community; and the other § 3553(a) factors.  Although Mr.

27  Schweder's previous firearm possession posed a threat to the community, as described above, a

28  similar threat is unlikely to materialize again if he is released subject to location monitoring,

1    home confinement, and the other conditions previously imposed, which will remain in effect.  In

2    sum, the risks of danger to the community as mitigated do not outweigh the health risks described

3    in the court's previous order.

4           **The renewed motion is therefore granted:**

5           1. The court modifies defendant's previously imposed sentence of incarceration of 162

6    months to time served, with the added special condition of supervised release for six months,

7    during which defendant will be subject to home confinement, with defendant's bearing the

8    attendant cost of location monitoring.  During the period of home confinement, defendant's

9    movement in the community shall be restricted as follows, with all activities subject to pre-

10   approval by the probation officer: defendant shall be restricted to his residence at all times except

11   for employment, education, religious services, medical, substance abuse or mental health

12   treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-

13   approved by the probation officer.  All other previously imposed conditions of supervised release

14   also remain in effect for the full 60-month term.  *See* Judgment & Commitment, ECF No. 565.

15          2. A status hearing is set for **February 22, 2020** to determine at that time whether

16   continued home confinement and location monitoring is warranted.

17          3. There being a verified residence and an appropriate release plan in place, this order is

18   stayed for up to seven days to make appropriate travel arrangements and to ensure defendant's

19   safe release.  Defendant shall be released as soon as appropriate travel arrangements are made,

20   and it is safe for the defendant to travel.  If more than seven days are needed to make appropriate

21   travel arrangements and ensure defendant's safe release, then the parties shall immediately notify

22   the court and show cause why the stay should be extended.

23          4. The court **orders Mr. Schweder to self-isolate for fourteen days** in Ms. Stuart's home

24   once he arrives there, as a means of protecting his health and that of the others residing in the

25   home and community while also complying with all applicable public health orders.  The

26   government's request for a pre-release quarantine is accordingly denied.  *See, e.g.*, *United States*

27   *v. Scparta*, ___ F. Supp. 3d ___, No. 18-0578, 2020 WL 1910481, at *9 (S.D.N.Y. Apr. 20,

28   2020).

1          This order resolves ECF No. 729.

2              IT IS SO ORDERED.

3     DATED:  November 20, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE