UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States, | No. 2:11-cr-00449-KJM |
| Plaintiff, | ORDER |
| v. | |
| Bryan R. Schweder, | |
| Defendant. | |

Defendant Bryan Schweder has filed a motion for early termination of supervised release. Mot., ECF No. 742. The government opposes. Opp'n, ECF No. 744. Mr. Schweder's probation officer has no objection to his motion. The court heard argument on the motion on April 25, 2022, with Gregory Anton appearing for Mr. Schweder, Mr. Schweder appearing in person, and Michael Beckwith appearing for the government. ECF No. 749. The court has now received the additional information it directed Mr. Schweder to provide. ECF No. 750. For the reasons below, the court **grants the motion**.

**I.      BACKGROUND**

The facts underlying Mr. Schweder's criminal conviction included conspiring to manufacture marijuana plants and unlawful possession of a firearm. Mot. at 2 (identifying charges based on 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1)). In June 2016, following significant motion practice and Mr. Schweder's ultimate entry of guilty pleas, this court sentenced

Mr. Schweder to 162 months in prison, to be followed by a five-year term of supervised release. *See* Minutes for Sentencing, ECF No. 563; Judgment and Commitment, ECF No. 564. At the time of sentencing, the court calculated Mr. Schweder's Total Offense Level under the Sentencing Guidelines as 31, which reflected application of a career offender enhancement before reductions for acceptance of responsibility. Presentence Investigation Report (PSR) at 10, ECF No. 547 (sealed). In November 2020, the court granted Mr. Schweder's motion for compassionate release and reduced his sentence to time served, providing for his release to serve the five year term of supervised release previously imposed. Previous Order (Nov. 20, 2020), ECF No. 735. Mr. Schweder, who has now served approximately two years under supervision, seeks early termination of supervised release. *See generally* Mot.

**II.     LEGAL STANDARD**

Under 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release any time after the defendant has served a year under such supervision if it is satisfied that the "action is warranted by the conduct of the defendant and the interest of justice." The Ninth Circuit has held this provision's "expansive phras[ing]" provides the court with "discretion to consider a wide range of circumstances" in deciding whether to grant early termination. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The Circuit has further clarified that early termination does not require "exceptional or extraordinary circumstances" or "exceptionally good behavior," *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022), or a showing of undue hardship. *Emmett*, 749 F.3d at 821.

In deciding whether to grant early termination, the court is guided by a consideration of the factors specified in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7), which concern "'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency,'" as well as the need for payment restitution, if any. *United States v. Weintraub*, 371 F.Supp.2d 164, 166 (D. Conn. 2005) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). It is the offender's burden to demonstrate the propriety of early termination. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

The federal judiciary's administrative policies provide that, at 18 months of supervision, "there is a presumption in favor of recommending early termination for persons who meet [certain] criteria." *Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 360.20(c), "Early Termination" (rev'd 2018).[1]  These criteria include:

> 1. The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. sec. 994(h)) or has not committed a sex offense or engaged in terrorism; 2. The person presents no identified risk of harm to the public or victims; 3. The person is free from any court-reported violations over a 12-month period; 4. The person demonstrates the ability to lawfully self-manage beyond the period of supervision; 5. The person is in substantial compliance with all conditions of supervision; and 6. The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

*Id.* After 18 months, even "higher risk persons under supervision who have demonstrated a reduction in risk . . . and who are in substantial compliance with the [above factors] must be considered for early termination," without any presumption applicable. *Id.* § 360.20(d).

### III. DISCUSSION

The government's opposition rests on two arguments.  First, the government argues the "aggravated nature" of Mr. Schweder's crimes warrants his serving the full term of his supervised release. Opp'n at 1–2.  Second, the government argues Mr. Schweder "already has been the benefactor of a below-Guidelines sentence that was further reduced to time served after he had completed 75% of his sentence, and Schweder fails to carry his burden in demonstrating that the balance of 3553(a) factors warrants any additional reduction." *Id.* at 1.

Focusing on the factors a court considers in determining whether early termination is warranted here, taking account of Mr. Schweder's status at the time of sentencing as a "career drug offender,"[2] the record before the court indicates Mr. Schweder has been in "substantial

---

[1] Available at https://jnet.ao.dcn/sites/default/files/pdf/Vol8E.pdf (last accessed June 21, 2022).

[2] Because of changes in California law after Mr. Schweder's sentencing, two of his prior marijuana felonies suffered in 1999 and 2005 have now been reduced to misdemeanors on his criminal record. Mot. at 5; Reply at 2, ECF No. 745.  Mr. Schweder argues he would not be a

compliance with" the applicable factors. *Guide to Judiciary Policy* § 360.20(c); *id.* § 360.20(d) (cross-referencing § 360.20(c)(2)-(6)). There is no indication Mr. Schweder presents an "identified risk of harm" to any other person. He has had no court-reported violations over the previous year and he has demonstrated the ability to lawfully self-manage beyond the period of his supervision. As reflected by his supervising Probation Officer's lack of objection to the early termination motion, Mr. Schweder is in "substantial compliance with all conditions of supervision," and is engaging in "appropriate prosocial activities and receiv[ing] sufficient prosocial support to remain lawful" once his term of supervision ends. Specifically, as the Probation Officer communicated to the court before hearing, Mr. Schweder has maintained a stable residence, has a stable source of income, has good social support, and appears both well-adjusted and stable. The Probation Officer also conveyed that she has spoken with Mr. Schweder's previous Probation Officer, who confirmed this report. Moreover, Mr. Schweder recently has secured an offer to enroll in a 90-day training program to become a long-haul truck driver. *See* Letter, ECF No. 750. This program will provide structure and require regular drug testing, *id.,* providing a seamless transition from Mr. Schweder's current special conditions of supervised release. *See* Am. Judgment & Commitment at 5, ECF No. 737. For all of these reasons, Mr. Schweder also has "demonstrated a reduction in risk" as also required for "higher risk persons." *Guide to Judiciary Policy* § 360.20(d).

Finally, the court's analysis takes account of the sentencing factors set out in 18 U.S.C. § 3553, including the forward-looking factors of rehabilitation, deterrence and public safety, without focusing solely on the severity of a defendant's past crimes. While Mr. Schweder "already has been the benefactor" of a reduced sentence, Opp'n at 1, this does not and should not preclude the court from considering additional motions. The possibility of early termination of supervised release has arguably incentivized Mr. Schweder's continued good behavior and deterred him from engaging in unlawful activity. For these reasons, and in addition to the reasons

---

career offender under 28 U.S.C. § 994(h) if those two prior felonies had been counted as misdemeanors at the time of sentencing, but the court need not resolve this issue as the applicable factors weigh in favor of early termination as discussed below.

1 | that weighed in favor of granting Mr. Schweder's request to reduce his sentence to time served,
2 | the court finds the § 3553 factors support his present motion for early termination of supervised
3 | release. *See generally* Previous Order (Nov. 20, 2020).

**IV.    CONCLUSION**

Because careful application of the § 3553 factors and federal judiciary guidance both favor early termination of defendant's supervised release, the court **grants** the motion.

This order resolves ECF No. 742.

IT IS SO ORDERED.

DATED: June 22, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE